UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WATERFORD TOWNSHIP POLICE & FIRE RETIREMENT SYSTEM, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SMITHTOWN BANCORP, INC., et al.,<br><br>Defendants. | Civil Action No. 1:10-cv-00864-SLT-RER<br><br>CLASS ACTION |
| GEORGE YOURGAL, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SMITHTOWN BANCORP, INC., et al.,<br><br>Defendants. | Civil Action No. 1:10-cv-01405-DGT-RML<br><br>CLASS ACTION |

MEMORANDUM IN SUPPORT OF THE MOTION OF WATERFORD TOWNSHIP POLICE & FIRE RETIREMENT SYSTEM AND MICHAEL L. COX FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL

## I. PRELIMINARY STATEMENT

Presently pending before this Court are 2 securities class action lawsuits (the "Actions") brought on behalf of all those who purchased or otherwise acquired Smithtown Bancorp, Inc. ("SBI" or the "Company") common stock between March 13, 2008 and February 1, 2010, inclusive (the "Class Period") and allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Institutional Investor Waterford Township Police & Fire Retirement System ("Waterford P&F") and class member Michael L. Cox ("Cox") hereby move this Court for an order to: (i) consolidate the Actions; (ii) appoint Waterford P&F and Cox as Lead Plaintiffs in the Actions under Section 21D(a)(3)(B) of the Exchange Act; and (iii) approve Waterford P&F and Cox's selection of the law firm of Robbins Geller Rudman & Dowd LLP to serve as Lead Counsel.

This motion is made on the grounds that Waterford P&F and Cox are the most adequate plaintiffs, as defined by the PSLRA. Waterford P&F is precisely the type of institutional investor that Congress sought to summon and empower when it enacted the PSLRA. *See Ferrari v. Impath, Inc.*, No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 20, 2004) (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs). Moreover, as an institutional investor, Waterford P&F is accustomed to acting as a fiduciary and its experience in legal and financial matters will substantially benefit the class. In addition, individual investors with large amounts at stake, such as Michael L. Cox, are highly motivated to vigorously represent the interests of the plaintiff class.

As evidenced by the attached certifications, Waterford P&F and Cox have suffered a substantial loss of $75,236.48 in connection with their purchases of SBI common stock during the

Class Period. *See* Rudman Decl. Ex. B.[1] To the best of our knowledge, this is the greatest loss sustained by any moving class member or class member group who has brought suit or filed an application to serve as Lead Plaintiff in these Actions. In addition, Waterford P&F and Cox, for the purposes of this motion, adequately satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure in that their claims are typical of the claims of the putative class and that they will fairly and adequately represent the interests of the class.

## II. FACTUAL BACKGROUND[2]

SBI is a bank holding company, and through its subsidiaries engages in a full range of commercial and consumer banking services.

The complaint charges SBI and certain of its officers and executives with violations of the Exchange Act. The complaint alleges that, throughout the Class Period, defendants failed to disclose material adverse facts about the Company's true financial condition, business and prospects. Specifically, the complaint alleges that defendants failed to disclose: (i) that the Company's financial results were artificially inflated due to SBI's material understatement of its loan loss reserves and SBI's failure to state certain of its assets at their true fair value; (ii) that the Company improperly delayed the recognition of its impaired assets in order to inflate its reported income and asset quality; (iii) that the Company's internal and disclosure controls were materially deficient; and (iv) that the Company, through its subsidiary, was engaged in unsafe and/or unsound banking practices.

---

1 References to the "Rudman Decl., Ex. ___" are to the exhibits attached to the accompanying Declaration of Samuel H. Rudman dated April 26, 2010 and submitted herewith.

2 These facts are drawn from the allegations in the complaint entitled *Waterford Township Police & Fire Retirement System vs. Smithtown Bancorp, et al,* Civil Action No. 10-cv-00864-SLT-RER.

On February 1, 2010, SBI issued a press release announcing its fourth quarter and full year 2009 results, which included a loss of $19.8 million for the fourth quarter of 2009, or ($1.34) per fully diluted share. In response to this announcement, on the next trading day, shares of the Company stock fell approximately 15%, to close at $4.60 per share, on extremely heavy trading volume.

## III. ARGUMENT

### A. The Actions Should Be Consolidated For All Purposes

The Actions each assert class claims on behalf of the purchasers of SBI common stock for alleged violations of the Exchange Act during the Class Period. The Actions name the same defendants and involve the same factual and legal issues. They are each brought by investors who purchased SBI common stock during the Class Period in reliance on the integrity of the market for such securities and were injured by the fraud on the market that was perpetrated through the issuance of materially false and misleading statements and concealment of material information, thus artificially inflating the prices of SBI common stock at all relevant times. Consolidation is appropriate where there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42(a). *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). That test is met here and, accordingly, the Actions should be consolidated.

### B. Waterford P&F and Cox Should Be Appointed Lead Plaintiffs

#### 1. The Procedure Required By The PSLRA

The PSLRA has established a procedure that governs the appointment of a Lead Plaintiff in "each private action arising under the [Securities Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as

Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the Action caused the first notice regarding the pendency of these actions to be published on *Business Wire*, a national, business oriented newswire service, on February 25, 2010. *See* Rudman Decl. Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. Waterford P&F and Cox Satisfy the "Lead Plaintiff" Requirements of the Exchange Act

#### a. Waterford P&F and Cox Have Complied With the Exchange Act and Should Be Appointed Lead Plaintiffs

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §78u 4(a)(3)(A) and (B) expires on April 26, 2010. Pursuant to the provisions of

the PSLRA and within the requisite time frame after publication of the required notice (published on February 25, 2010), Waterford P&F and Cox timely move this Court to be appointed Lead Plaintiffs on behalf of all members of the class.

Waterford P&F and Cox have duly signed and filed certifications stating that they are willing to serve as representative parties on behalf of the class. *See* Rudman Decl. Ex. C. In addition, Waterford P&F and Cox have selected and retained competent counsel to represent them and the class. *See* Rudman Decl. Ex. D. Accordingly, Waterford P&F and Cox have satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and are entitled to have their application for appointment as Lead Plaintiffs and approval of selection of Lead Counsel as set forth herein, considered and approved by the Court.

**b. Waterford P&F and Cox Are Precisely the Type of Lead Plaintiffs Congress Envisioned When It Passed the PSLRA**

The Congressional objective in enacting the lead plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. Waterford P&F and Cox, as an institutional investor and a class member with large amounts of money at stake, respectively, are precisely the type of lead plaintiffs Congress envisioned

when it passed the PSLRA. *See id*. ("Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake."); *see also In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (holding that the combination of institutional investors and significant individual investors "[a]llow[s] for diverse representation," and "ensures that the interests of all class members will be adequately represented in the prosecution of the action and in the negotiation and approval of a fair settlement, and that the settlement process will not be distorted by the differing aims of differently situated claimants.").

**c. Waterford P&F and Cox Have the Requisite Financial Interest in the Relief Sought By the Class**

During the Class Period, as evidenced by, among other things, the accompanying signed certifications, *see* Rudman Decl. Ex. C., Waterford P&F and Cox purchased SBI common stock in reliance upon the materially false and misleading statements issued by the defendants and were injured thereby. In addition, Waterford P&F and Cox incurred a substantial loss of $75,236.48 on their transactions in SBI common stock. Waterford P&F and Cox thus have a significant financial interest in this case. Therefore, Waterford P&F and Cox satisfy all of the PSLRA's prerequisites for appointment as lead plaintiff in this action and should be appointed Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(3)(B).

**d. Waterford P&F and Cox Otherwise Satisfy Rule 23**

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact

common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two - typicality and adequacy - directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *Lax v. First Merchants Acceptance Corp.*, Case No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 at *20, (N.D. Ill. Aug. 11, 1997). Waterford P&F and Cox satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiffs.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather*, Inc., 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members") (citations omitted). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir. 1981).

Waterford P&F and Cox satisfy this requirement because, just like all other class members, they: (1) purchased SBI common stock during the Class Period; (2) purchased SBI common stock in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, Waterford P&F and Cox's claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events. Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Waterford P&F and Cox to represent the class to the existence of any conflicts between the interests of Waterford P&F and Cox and the members of the class. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *Modell v. Eliot Sav. Bank*, 139 F.R.D. 17, 23 (D. Mass. 1991) (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (lst Cir. 1985)).

Here, Waterford P&F and Cox are adequate representatives of the class. As evidenced by the injuries suffered by Waterford P&F and Cox, who purchased SBI common stock at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of Waterford P&F and Cox are clearly aligned with the members of the class, and there is no evidence of any antagonism between Waterford P&F and Cox's interests and those of the other members of the class. Further, Waterford P&F and Cox have taken significant steps which demonstrate they will protect the interests of the class: they have retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Waterford P&F and Cox's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.

Thus, Waterford P&F and Cox *prima facie* satisfy the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C. The Court Should Approve Waterford P&F and Cox's Choice of Counsel

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. In that regard, Waterford P&F and Cox have selected the law firm of Robbins Geller Rudman & Dowd LLP as Lead Counsel. Robbins Geller Rudman & Dowd LLP has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Securities Litigation*, No. H-01-3624 (S.D. Tex.), in which Robbins Geller Rudman & Dowd LLP has obtained recoveries to date which represent the largest recovery ever obtained in a shareholder class action. *See* Rudman Decl., Ex. D. Specifically, the court in *Enron* stated:

> The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit.

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, 529 F. Supp. 2d 644, 675 (S.D. Tex. 2006).

Accordingly, the Court should approve Waterford P&F and Cox's selection of Lead Counsel.

## IV. CONCLUSION

For all the foregoing reasons, Waterford P&F and Cox respectfully request that the Court: (i) consolidate the Actions; (ii) appoint Waterford P&F and Cox as Lead Plaintiffs in the Action; (iii) approve their selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the court may deem just and proper.

DATED: April 26, 2010

ROBBINS GELLER RUDMAN
& DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.

*/s/ Samuel H. Rudman*
SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

[Proposed] Lead Counsel for Plaintiff

VANOVERBEKE MICHAUD & TIMMONY, P.C.
MICHAEL J. VANOVERBEKE
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)

Additional Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I, Samuel H. Rudman, hereby certify that on April 26, 2010, I caused a true and correct copy of the attached:

> Notice of Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel;
>
> Memorandum in Support of the Motion of Waterford Township Police & Fire Retirement System And Michael L. Cox for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel; and
>
> Declaration of Samuel H. Rudman in Support of the Motion of Waterford Township Police & Fire Retirement System And Michael L. Cox for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel,

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to any additional counsel.

*/s/ Samuel H. Rudman*
SAMUEL H. RUDMAN

SMITHTOWN BANCORP
Service List - 4/26/2010 (100027-00001)
Page 1 of 1

**Counsel For Defendant(s)**

Bruce G. Vanyo
William M. Regan
Katten Muchin Rosenman LLP
575 Madison Avenue
New York, NY 10022
212/940-8800
212/940-8776 (Fax)

**Counsel For Plaintiff(s)**

D. Seamus Kaskela
David M. Promisloff
Steven D. Resnick
Barroway Topaz Kessler Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087
610/667-7706
610/667-7056 (Fax)

Curtis V. Trinko
Law Offices of Curtis V. Trinko LLP
16 West 46th Street, Seventh Floor
New York, NY 10036
212/490-9550
212/986-0158 (Fax)

Samuel H. Rudman
David A. Rosenfeld
Mario Alba Jr.
Robbins Geller Rudman & Dowd LLP
58 South Service Road, Suite 200
Melville, NY 11747
631/367-7100
631/367-1173 (Fax)

Michael J. VanOverbeke
Thomas C. Michaud
VanOverbeke Michaud & Timmony, P.C.
79 Alfred Street
Detroit, MI 48201
313/578-1200
313/578-1201 (Fax)