**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
WATERFORD TOWNSHIP POLICE & FIRE RETIREMENT SYSTEM, Individually and On Behalf Of All Others Similarly Situated,

Plaintiff,

-against-

SMITHTOWN BANCORP, INC., et al.,

Defendants.
----------------------------------------------------------X

**REPORT & RECOMMENDATION**

10-CV-00864 (SLT) (RER)

GEORGE YOURGAL, Individually and On Behalf Of All Others Similarly Situated,

Plaintiff,

-against-

SMITHTOWN BANCORP, INC., et al.,

Defendants.
----------------------------------------------------------X

10-CV-01405 (SLT) (RER)

**RAMON E. REYES, JR., U.S.M.J.:**

## INTRODUCTION

Institutional investor Waterford Township Police & Fire Retirement System ("Waterford P&F") and class member Michael L. Cox ("Cox") (collectively, "Plaintiffs") moved this Court for an order to (i) consolidate two related securities fraud class actions; (ii) appoint Waterford P&F and Cox as lead plaintiff; and (iii) appoint the law firm of Robbins Geller Rudman & Dowd LLP as lead counsel. The Honorable Sandra L. Townes referred the motion to me for a Report

and Recommendation.[1] For the reasons explained below, I respectfully recommend that Plaintiffs' motion be granted.

## BACKGROUND

Presently before this Court are two related securities fraud class actions brought against Smithtown Bancorp, Inc. ("SBI" or the "Company") and certain of its officers and directors[2] (collectively, "Defendants"). Plaintiff Waterford P&F filed suit on February 25, 2010 (No. 10-CV-00864 (SLT) (RER)) (the "Waterford P&F Action") and Plaintiff Yourgal filed the second action on March 29, 2010 (No. 10-CV-01405 (SLT) (RER)) (the "Yourgal Action"). Plaintiffs in both cases (collectively, the "Actions") allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§ 78(j)(b) and 78(t), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.[3] Each action is brought on behalf of all those who purchased or otherwise acquired SBI common stock between March 13, 2008 and February 1, 2010, inclusive (the "Class Period"), and who purportedly incurred damages in connection with such purchases or acquisitions.

---

[1] The motion was made in the *Waterford Township* case on April 26, 2010 and referred to me by the Honorable Sandra L. Townes on July 2, 2010. Dkt. 15, 20. The motion was made in the *Yourgal* case on June 18, 2010 and referred on March 21, 2011. Dkt. 9, Dkt. Entry March 31, 2011.

[2] The Yourgal Action names nine defendants in addition to the individual defendants named in the Waterford P&F Action (Smithtown Bancorp, Inc., Bradley E. Rock and Anita M. Florek).

[3] The Yourgal Action also asserts claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933. These claims are not mentioned in Plaintiffs' moving papers.

The complaints in each action note that on February 1, 2010, SBI announced a loss of $19.8 million for the fourth quarter of 2009. Waterford P&F Compl. ¶ 55; Yourgal Compl. ¶ 59; Memorandum in Support of the Motion of Waterford Township Police & Fire Retirement System and Michael L. Cox for Consolidation, Appointment as Lead Plaintiffs and for Approval of Selection of Lead Counsel ("Pl. Mem.") at 3. On the next trading day, shares of SBI stock fell approximately 15%. *Id.* Plaintiffs allege that Waterford P&F and Cox suffered a combined loss of $75,236.48 in connection with their purchases of SBI stock during the Class Period. *Id.*

The law firm of Robbins Geller Rudman & Dowd LLP represents Waterford P&F. Plaintiff Yourgal is represented by the Law Offices of Curtis V. Trinko and Barroway Topaz Kessler Meltzer & Check, LLP. In accordance with the PSLRA, on February 25, 2010, Waterford P&F published notice of the Waterford P&F Action on Business Wire, a national business-oriented newswire service. The notice advised members of the proposed class of the commencement of the action, the claims asserted in the Complaint, the purported Class Period, and their right to move the Court, within sixty days, to serve as lead plaintiff for the purported class. Declaration of Samuel H. Rudman in Support of the Motion of Waterford Township Police & Fire Retirement System and Michael L. Cox for Consolidation, Appointment as Lead Plaintiffs and for Approval of Selection of Lead Counsel ¶ 2 ("Rudman Decl."), Exh. A. Waterford P&F's Motion to Consolidate was filed in accordance with the applicable provisions of the PSLRA and no party has opposed the motion.

## DISCUSSION

### I. The Waterford P&F and Yourgal Actions Should be Consolidated For All Purposes

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure the Court may consolidate

actions that involve common questions of law and fact. Fed. R. Civ. P. 42(a). "The trial court has broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990). In exercising that discretion, "courts have taken the view that considerations of judicial economy favor consolidation." *Id.* at 1285; *see also Jacobs v. Castillo*, No. 09 Civ. 953, 2009 WL 1203942, at *3 (S.D.N.Y. Apr. 23, 2009) ("Consolidation would further the goal of 'judicial economy' because discovery in each case is likely to be identical, motion practice and trial in the two cases would most likely cover the same facts and some identical issues of law."). However, "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." *Id.* at 1285. Consolidation is generally appropriate so long as efficiency concerns are not outweighed by any prejudice or confusion. *Id.*; *see also Toussie v. County of Suffolk*, 01-CV-6716, 2007 WL 1490463, at *1 (E.D.N.Y. May 21, 2007) (internal quotations omitted). In securities class actions, consolidation is "particularly appropriate where the actions 'are based on the same public statements and reports'" so long as there are "common questions of law and fact and [if] the defendant will not be prejudiced." *Martingano v. Amer. Int'l Group, Inc.*, 06-CV-1625, 2006 WL 1912724, at *1 (E.D.N.Y. July 11, 2006) (internal citations omitted). Further, cases may be consolidated even where, as here, certain defendants are named in only one of the complaints. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 402 (S.D.N.Y. 2004).

The Actions arise from the same public statements and reports, namely SBI's 10-K and 10-Q forms, and press releases announcing quarterly financial results. Throughout the Class Period, Defendants filed 10-K and 10-Q forms that represented that the Company's disclosure

and internal controls were adequate, and that its financial statements were presented in conformity with U.S. General Accounting Principles ("GAAP"). Both complaints assert that these representations were materially false and misleading because they knowingly or recklessly misrepresented and failed to disclose the following adverse facts: (i) that the company's financial results were artificially inflated due to SBI's understatement of its loan loss reserves and SBI's failure to state certain of its assets at their true fair value; (ii) that the Company improperly delayed the recognition of its impaired assets in order to inflate its reported income and asset quality; (iii) that the Company's internal and disclosure controls were materially deficient; and (iv) that the Company, through its subsidiary, was engaged in unsafe and/or unsound banking practices. Pl. Mem. at 2.[4]

The questions of law and fact are the same in both complaints: (1) whether Defendants' made materially false and misleading statements about SBI's true financial condition, business and prospects; (2) whether the price of SBI stock was artificially inflated during the Class Period; and (3) to what extent, if any, the members of the class sustained damages. Furthermore, the complaints contain the same allegations of scienter with respect to the individual defendants. The complaints assert that each individual defendant, because of their possession and/or access to material non-public information, knew or recklessly disregarded that "adverse facts . . . had not been disclosed to, and were being concealed from the public." Waterford P&F Compl. ¶ 11; Yourgal Compl. ¶ 29. Accordingly, I find that the Actions contain common issues of law and fact and recommend that the Actions be consolidated for all purposes.

[4] Identical memoranda of law in support of the consolidation motion were submitted in both *Waterford Township* and *Yourgal*.

## II. Plaintiffs Waterford P&F and Cox Satisfy the Requirements for Lead Plaintiff

Plaintiffs seek to appoint Waterford P&F and Cox lead plaintiffs. The PSLRA governs the procedure for appointing a lead plaintiff in securities class actions. 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(I). Within twenty days of filing the initial action, plaintiffs must publish a notice "in a widely circulated national business-oriented publication or wire service," informing class members of the pendency of the action, the claims and the purported class period. 15 U.S.C. § 78U-4(a)(3)(A)(i)(I)-(II). The notice must also advise class members of their right to move the Court, within sixty days of publication of the notice, for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II); *Baughman v. Pall Corp.*, 250 F.R.D. 121, 125 (E.D.N.Y. 2008). Within ninety days of publication of the notice, the court shall consider any motion made by a class member and appoint as lead plaintiff the class member or members most capable of adequately representing the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(i).

In selecting an appropriate lead plaintiff, there is a rebuttable presumption that the most adequate plaintiff is the person or group of persons that (1) either filed the initial complaint or made a motion in response to the notice; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc). This presumption "may be rebutted only upon proof offered by another member of the purported class that the presumptively most adequate plaintiff - (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb).

A. Notification

Plaintiff Waterford P&F filed the first complaint of these related actions on February 25, 2010 and on the same day published notice of the action on Business Wire. The sixty-day period to move the Court for appointment of lead plaintiff expired on April 26, 2010 and the motion by Plaintiffs was timely filed. In accordance with the PSLRA, both Waterford P&F and Cox filed a Certification[5] stating that each Plaintiff (1) "reviewed [the] complaint and authorized its filing;" (2) "did not acquire the security that is the subject of this action at the direction of plaintiff's counsel [] in order to participate in this private action . . .;" (3) "is willing to serve as a representative party on behalf of the class . . . .;" and (4) "will not accept any payment for serving as a representative party on behalf of the class beyond the plaintiff's pro rata share of any recovery . . . ." Rudman Decl. ¶ 4, Exh. C. Attached to the certifications are schedules setting forth all of Plaintiffs' transactions in SBI stock. Plaintiffs properly notified members of the purported class and their Certifications fulfill the requirements of the PSLRA. *See* 15 U.S.C. § 78u-4(a)(2)(A)(i)-(iv) and (a)(3)(A)(i)-(iii). Accordingly, Plaintiffs have satisfied the first prong of the PSLRA's requirements for appointment of lead plaintiff.

B. Largest Financial Interest

Waterford P&F alleges that it purchased 5,500 shares of SBI between August 7, 2009 and September 2, 2009. Cox alleges that he purchased 6,500 shares of SBI between September 22, 2008 and December 4, 2009. Plaintiffs allege that together they incurred a combined loss of $75,236.48 in connection with such purchases, which is a significant financial interest. Further,

---

[5] Waterford P&F's Certification notes that in the three years prior to the date of the Certification it served as a representative party in *In re Vertex Pharm. Inc. Sec. Litig.*, No 08-CV-10414 (D. Mass).

Plaintiffs' motion is unopposed and no other plaintiff has come forward and demonstrated a larger financial stake. Therefore, I find that the largest financial interest requirement of the PSLRA is satisfied.

C. Rule 23 Requirements

For a class to be certified, the following four prerequisites must be met: numerosity, commonality, typicality and adequacy. *See* Fed. R. Civ. P. 23(a). "The Rule 23 requirements applicable here mandate that the claims or defenses of the representative parties [be] typical of the claims or defenses of the class" and that "the representative parties . . . fairly and adequately protect the interests of the class." *Chilton v. Chiumento Group*, 365 Fed. Appx. 298, 299-300 (2d Cir. 2010); Fed. R. Civ. P. 23(a)(3)-(4).

The typicality requirement is met "when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997). Plaintiffs satisfy this requirement because they, like the other purported class members, allege that they purchased SBI stock during the Class Period at artificially inflated prices in reliance upon Defendants' misrepresentations, and suffered damages as a result. Waterford P&F Compl. ¶ 6; Yourgal Compl. ¶¶ 1, 12; Pl. Mem. at 8. Accordingly, I find that Plaintiffs allege claims that are typical of the members of the class.

The adequacy requirement is satisfied where "(1) class counsel is qualified, experienced and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *In re Symbol Techs., Inc. Secs. Litig.*, 05 CV 3923, 2006 WL 1120619, at

*3 (E.D.N.Y. Apr. 26, 2006) (internal citations omitted). Plaintiffs' counsel, Robbins Geller, has substantial experience litigating securities class actions and thus, has the ability to conduct this litigation effectively. *See* Rudman Decl. ¶ 5, Exh. D. There is no evidence that the Plaintiffs have interests that are antagonistic to other potential class members. Further, Plaintiffs have demonstrated their willingness to vigorously advocate by filing the initial action, the instant motion for consolidation and submitting the certifications.

As Plaintiffs have satisfied all three prongs of the PSLRA's requirements for lead plaintiff, I find that Plaintiffs are presumptively the most adequate lead plaintiffs. The motion for lead plaintiff is unopposed and therefore, the presumption of adequacy is unrebutted. I recommend that Plaintiffs Waterford P&F and Cox be appointed lead plaintiffs.

## III. Lead Counsel

I also recommend that Robbins Geller serve as lead counsel. The PSLRA provides that the lead plaintiff or plaintiffs "shall, subject to approval of the court, select and retain counsel to represent the class." Samuel Rudman, a member of the firm, has submitted the firm's 89 page resume which demonstrates that Robbins Geller has served as lead or co-lead counsel in numerous securities class actions. Given the firm's extensive experience, Robbins Geller is an appropriate selection of lead counsel.

## CONCLUSION

For the reasons explained above, I respectfully recommend that Plaintiffs' motion for consolidation, appointment of lead plaintiffs and approval of lead counsel be granted in its entirety. Any objections to this Report and Recommendation must be filed with the Clerk of the Court and the Honorable Sandra L. Townes within fourteen days of receipt hereof. Failure to file

timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**Dated: May 31, 2011**
**Brooklyn, New York**

*Ramon E. Reyes Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**