UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————— x

WATERFORD TOWNSHIP POLICE & FIRE :    Civil Action No. 1:10-cv-00864-SLT-RER
RETIREMENT SYSTEM, Individually and On :    **(Consolidated)**
Behalf Of All Others Similarly Situated,    :

               Plaintiff,        :    <u>CLASS ACTION</u>

      vs.                      :    STIPULATION AND AGREEMENT OF
                                   :    SETTLEMENT

SMITHTOWN BANCORP, INC., et al.,      :

            Defendants.     :

                                   :

———————————————————————— x

This Stipulation and Agreement of Settlement, dated January 9, 2015 (the "Stipulation" or the "Settlement Agreement"), submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure, embodies a settlement (the "Settlement") made and entered into by and among the following Parties: (i) Lead Plaintiffs Waterford Township Police & Fire Retirement System and Michael L. Cox (collectively, "Lead Plaintiffs"), on behalf of themselves and each of the members of the Class, as defined in ¶¶1.3-1.4, *infra*, on the one hand, and (ii) Defendants Smithtown Bancorp, Inc. ("SBI" or the "Company"), People's United Financial, Inc., People's United Bank (collectively, "People's United"), Bradley E. Rock, and Anita M. Florek (collectively, "Defendants"), on the other hand, by and through their counsel of record in the above-captioned litigation pending in the United States District Court for the Eastern District of New York (the "Action"). This Stipulation is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, as defined in ¶1.20, *infra*, upon and subject to the terms and conditions hereof and subject to the approval of the Court. Throughout this Stipulation, all capitalized terms used, but not immediately defined, have the meanings given to them in Section IV.1, *infra*.

## I.     THE LITIGATION

This case is currently pending before the Honorable Sandra L. Townes in the United States District Court for the Eastern District of New York (the "Court") and was brought on behalf of a Class (to be certified for settlement purposes) of all persons who purchased SBI common stock during the period from March 13, 2008, through and including February 1, 2010 (the "Class Period"). The initial complaint was filed on February 25, 2010, and on August 10, 2011, the Court adopted the Report and Recommendation of Magistrate Judge Raymon E. Reyes, Jr. and appointed Lead Plaintiffs and Robbins Geller Rudman & Dowd LLP as Lead Counsel. On October 17, 2011, Lead Plaintiffs filed the Consolidated Amended Class Action Complaint ("Complaint").

986168_2

The Complaint generally alleged that during the Class Period, SBI engaged in a variety of unsafe and/or unsound banking practices. Lead Plaintiffs alleged that these practices rendered SBI unable to timely identify and monitor past-due loans, loans with emerging credit weaknesses, and loans in violation of bank policy. Lead Plaintiffs alleged that SBI failed to calculate or maintain its allowance for loan and lease losses in conformity with Generally Accepted Accounting Principles. The Complaint asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder.

On December 23, 2011, Defendants moved to dismiss the Complaint. Lead Plaintiffs served their opposition on February 21, 2012, and Defendants served their reply on March 22, 2012. The Court granted Defendants' motion to dismiss on March 29, 2013.

Lead Plaintiffs filed their Second Consolidated Amended Class Action Complaint (the "SAC") on April 30, 2013, and Defendants moved to strike and to dismiss the SAC on June 6, 2013. Lead Plaintiffs opposed the motions. On July 18, 2014, the Court denied the motion to dismiss, and granted in part and denied in part the motion to strike.

On August 12, 2014, Defendants moved for an interlocutory appeal of the Court's motion to dismiss decision pursuant to 28 U.S.C. §1292(b), and the motion was fully briefed by the Parties. Defendants filed their answer to the SAC on August 18, 2014. The Parties agreed to defer the filing and consideration of this motion pending the outcome of mediation.

On October 23, 2014, the Parties attended an in-person mediation with Jed Melnick, Esq. At the conclusion of the mediation, the Parties reached an agreement-in-principle to resolve the litigation. Following additional negotiations, the Parties executed a Memorandum of Understanding on November 5, 2014.

986168_2

After execution of the Memorandum of Understanding, but prior to execution of this Settlement Agreement, Lead Counsel conducted discovery consisting of the review of non-public documents produced by the Company to confirm that the Settlement was in the best interest of the Class.

## II.  CLAIMS OF LEAD PLAINTIFFS AND BENEFITS OF SETTLEMENT

Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit, but Lead Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against the Defendants through trial. Lead Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and risks in connection with the pending motion for interlocutory appeal, Lead Plaintiffs' anticipated motion for class certification, Defendants' anticipated summary judgment motion, and a jury trial, risks heightened in complex matters such as this Action, as well as the risks posed by and the difficulties and delays relating to post-trial motions, and potential appeals of the Court's determination of said motions, or the verdict of a jury. Lead Plaintiffs and Lead Counsel also are aware of the risks presented by the defenses to the securities law violations asserted in the Action. Lead Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class in light of the circumstances present here. Based on their evaluation, Lead Plaintiffs and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Lead Plaintiffs and the Class.

## III.  DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny that they have violated the federal securities laws and maintain that their conduct was at all times proper and in compliance with all applicable provisions of law. Defendants have denied and continue to deny specifically each and every claim

- 3 -

and contention of wrongful conduct alleged in the Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied and continue to deny, *inter alia*, the allegations that they knowingly or otherwise, made any material misstatements or omissions; that any member of the Class has suffered any damages; that the price of SBI common stock was artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; or that the members of the Class were harmed by the conduct alleged in the Action or that could have been alleged as part of the Action. In addition, the Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

Nonetheless, taking into account the uncertainty, risks, costs and burdens inherent in any litigation, especially in complex cases such as this Action, Defendants have concluded that further defense of the Action could be protracted, expensive and distracting. Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.

As set forth in ¶¶9.2-9.3 below, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any of the Released Persons (as defined below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiffs (for themselves and the members of the Class), on the one hand, and Defendants, on the other hand, by and through their respective counsel of record, that, subject to the approval of the

986168_2

Court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, as to the Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

### 1. Definitions

As used in this Stipulation the following terms have the meanings specified below:

1.1    "Authorized Claimant" means any member of the Class who submits a timely and valid Proof of Claim and Release form and whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2    "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3    "Class" means all Persons who purchased SBI common stock during the period from March 13, 2008, through and including February 1, 2010. Excluded from the Class are the Defendants, the officers and directors of SBI and People's United during the Class Period, members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has or had a controlling interest. Also excluded from the Class are those Persons who timely and validly exclude themselves therefrom.

1.4    "Class Member" means a Person who falls within the definition of the Class as set forth in ¶1.3 of this Stipulation.

1.5    "Class Period" means the period from March 13, 2008, through and including February 1, 2010.

1.6    "Effective Date" means the first date by which all of the events and conditions specified in ¶8.1 of the Stipulation have been met and have occurred.

- 5 -

1.7    "Escrow Account" means the account controlled by the Escrow Agent.

1.8    "Escrow Agent" means Robbins Geller Rudman & Dowd LLP or its successor(s).

1.9    "Final" means, with respect to any order of court, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review.  Without limitation, an order becomes Final when: (a) either no appeal has been filed and the time has passed for any notice of appeal to be timely filed; or (b) an appeal has been filed and either (i) the court of appeals has/have either affirmed the judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (ii) a higher court has granted further appellate review and that court has either affirmed the underlying judgment or affirmed the court of appeals' decision affirming the judgment or dismissing the appeal.  For purposes of this paragraph, an "appeal" shall include appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement.  Any appeal or other proceeding pertaining to any order concerning the issue of attorneys' fees and expenses, the Plan of Distribution of the Settlement Fund, or the procedures for determining Authorized Claimants' recognized claims shall not in any way delay or preclude the Judgment from becoming Final.

1.10    "Judgment" means the judgment and order of dismissal with prejudice to be rendered by the Court upon approval of the Settlement, substantially in the form attached hereto as Exhibit B.

1.11    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP.

- 6 -

1.12    "Lead Plaintiffs" means Waterford Township Police & Fire Retirement System and Michael L. Cox.

1.13    "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and expenses; (ii) Class Notice and Administration Costs; (iii) Taxes and Tax Expenses; and (iv) any other fees or expenses approved by the Court.

1.14    "Notice" means the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing to be sent to Class Members, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-1.

1.15    "Parties" means Lead Plaintiffs on behalf of themselves and the Class Members, and Defendants.

1.16    "Person" means an individual, corporation, partnership, limited partnership, limited liability company, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business, legal or other entity and his, her or its spouses, heirs, predecessors, successors, representatives, or assignees.

1.17    "Plaintiffs' Counsel" means Lead Counsel and any counsel who filed a complaint in the Action.

1.18    "Plan of Distribution" means a plan or formula of allocation of the Net Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of Class Notice and Administration Costs, Taxes and Tax Expenses and such attorneys' fees, costs, expenses, and interest and other expenses as may be awarded by the Court. Any Plan of Distribution is not part of the Stipulation and the Released Persons shall have no responsibility or liability with respect to the Plan of Distribution.

1.19 "Related Persons" means, with respect to the Defendants, each and all of their respective present or former parents, subsidiaries, affiliates, successors and assigns, and each and all of their respective present or former officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, reinsurers, investment bankers, underwriters, representatives, general and limited partners and partnerships, heirs, executors, administrators, successors, affiliates, agents, spouses, associates, and assigns of each of them, in their capacity as such, or any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family and any entity in which any such Defendant has a controlling interest.

1.20 "Released Claims" means any and all claims, demands, rights, causes of action or liabilities of every nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether based on federal, state, local, foreign, statutory or common law or any other law, rule, ordinance, administrative provision or regulation, including both known claims and unknown claims, whether class or individual in nature, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, based on, arising from or relating to (i) the purchase of the common stock of SBI during the Class Period, and (ii) the allegations, transactions, facts, matters, events, disclosures, registration statements, public filings, acts, occurrences, representations, statements, omissions or failures to act that were or could have been alleged by Lead Plaintiffs in the Action against the Released Persons. Released Claims does not include claims to enforce the Settlement.

1.21 "Released Persons" means each and all of the Defendants, and each and all of their Related Persons.

1.22    "Settlement Amount" means One Million Nine Hundred and Fifty Thousand U.S. Dollars ($1,950,000.00).

1.23    "Settlement Fund" means One Million Nine Hundred and Fifty Thousand U.S. Dollars ($1,950,000.00) in cash paid by or on behalf of Defendants pursuant to ¶3.1 of this Stipulation, together with all interest and income earned thereon after being transferred to an account controlled by the Escrow Agent.    Such amount is paid as consideration for full and complete settlement of all the Released Claims.

1.24    "Summary Notice" means the Summary Notice, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-3.

1.25    "Unknown Claims" means any Released Claims which Lead Plaintiffs or any Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, and any claims that the Released Persons do not know or suspect to exist in his, her, or its favor at the time of the release of the Lead Plaintiffs, each and all of the Class Members and Plaintiffs' Counsel, which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons or Lead Plaintiffs, each and all of the Class Members and Plaintiffs' Counsel, or might have affected his, her or its decision not to object to this Settlement or seek exclusion.    Unknown Claims include those Released Claims in which some or all of the facts compromising the claim may be suspected, or even undisclosed or hidden.    With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly, and each of the Class Members and Released Persons shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiffs and Defendants shall expressly, and each of the Class Members and Released Persons shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. Lead Plaintiffs, Class Members, and Released Persons may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims and the claims released by the Released Persons, but Lead Plaintiffs and Defendants shall expressly, and each Class Member and Released Person, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, or the claims released by the Released Persons, as the case may be, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, whether or not previously or currently asserted in any action. Lead Plaintiffs and Defendants acknowledge, and the Class Members and Released Persons shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and an essential term of the Settlement of which this release is a part.

**2.     CAFA Notice**

2.1     Pursuant to the Class Action Fairness Act, 28 U.S.C. §1715 ("CAFA"), no later than ten (10) calendar days after the Settlement Agreement is filed with the Court, Defendants, at their own cost, shall serve or caused to be served proper notice of the proposed Settlement upon those who are entitled to notice pursuant to CAFA.

**3.     The Settlement**

    **a.     The Settlement Fund**

3.1     Defendants shall cause the Settlement Amount to be transferred to an account controlled by the Escrow Agent within ten (10) business days after the entry of an order granting preliminary approval of the Settlement.

    **b.     The Escrow Agent**

3.2     The Escrow Agent shall invest the Settlement Fund deposited pursuant to ¶3.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All costs and risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund and the Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

3.3     The Escrow Agent shall not disburse the Settlement Fund except (a) as provided in the Stipulation, (b) by an order of the Court, or (c) with the written agreement of counsel for the Parties.

3.4     Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are

consistent with the terms of the Stipulation. The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to, the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

3.5     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

3.6     Prior to the Effective Date, Lead Counsel, without further approval of Defendants or the Court, may pay from the Settlement Fund up to $200,000.00 in notice and administration costs and fees associated with providing notice to the Class and the administration of the Settlement, including, without limitation, the costs and fees connected with: identifying and locating members of the Class; mailing the Notice and Proof of Claim and Release, and publishing the Summary Notice (such amounts shall include, without limitation, the actual costs of publication, printing and mailing the Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners); assisting with the filing of claims; administering and distributing the Net Settlement Fund to Authorized Claimants; processing Proof of Claim and Release forms; and paying escrow fees and costs, if any ("Class Notice and Administration Costs"). Prior to the Effective Date, payment of any Class Notice and Administration Costs exceeding $200,000.00 shall require notice to and agreement from the Defendants, through Defendants' counsel, which agreement shall not be unreasonably refused. Subsequent to the Effective Date, without further approval by Defendants or the Court, the Settlement Fund may be used by Lead Counsel to pay all reasonable and necessary Class Notice and Administration Costs.

3.7     It shall be Lead Counsel's sole responsibility to disseminate the Notice and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court. Class Members

- 12 -

shall have no recourse as to the Released Persons with respect to any claims they may have that arise from any failure of the notice process.

### c. Taxes

**Qualified Settlement Fund**

3.8     (a)     The Parties and Escrow Agent agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶3.8, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file, or cause to be filed, all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)). Such returns (as well as the election described in ¶3.8(a) hereof) shall be consistent with this ¶3.8 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶3.8(c) hereof.

(c)     All (a) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that

986168_2

may be imposed upon the Released Persons or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this ¶3.8 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶3.8) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Persons and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Persons and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court or approval of Defendants, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)); neither the Released Persons nor their counsel are responsible nor shall they have any liability therefor. The Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶3.8.

3.9 In the event the Settlement: (i) is not approved; (ii) is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Judgment is reversed or vacated following any appeal taken therefrom; or (iii) is successfully collaterally attacked, the

- 14 -

Settlement Fund (including accrued interest) less expenses actually incurred or due and owing for Class Notice and Administration Costs, Taxes or Tax Expenses pursuant to ¶¶3.6 or 3.8, shall be refunded pursuant to written instructions from Defendants' counsel.

### 4. Notice Order and Settlement Hearing

4.1    Promptly after execution of the Stipulation, the Parties shall submit the Stipulation together with its exhibits (the "Exhibits") to the Court and shall apply for entry of an order (the "Notice Order"), in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, certification of the Class for settlement purposes, and approval of the mailing of the Notice and publication of the Summary Notice, in the forms of Exhibits A-1 and A-3 attached hereto. The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Distribution, the general terms of the Fee and Expense Application, and the date of the Settlement Hearing.

4.2    Lead Counsel shall request that after notice is given to the Class, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Action as set forth herein. At or after the Settlement Hearing, Lead Counsel also shall request that the Court approve the proposed Plan of Distribution and the Fee and Expense Application.

### 5. Releases

5.1    Upon the Effective Date, Lead Plaintiffs and each of the Class Members and their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, in their capacity as such, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, and discharged against the Released Persons (whether or not such Class Members execute and deliver the Proof of Claim and Release) any and all Released Claims (including, without

limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims against the Released Persons, Lead Plaintiffs and/or Plaintiffs' Counsel, except for claims relating to the enforcement of the Settlement.

5.2     Upon the Effective Date, Lead Plaintiffs and each of the Class Members shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against any Released Person, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims against the Released Persons, Lead Plaintiffs and/or Plaintiffs' Counsel, except for claims relating to the enforcement of the Settlement, whether or not such Class Member executes and delivers the Proof of Claim and Release.

5.3     The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

5.4     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, each and all of the Class Members, and counsel for any plaintiff in the Action from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims, except for claims relating to the enforcement of the Settlement.

986168_2

6. **Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

6.1    The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall provide notice of the Settlement to the Class, shall administer and calculate the claims submitted by Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

6.2    Within fourteen (14) calendar days after execution of this Stipulation, People's United shall provide the Claims Administrator with a list of names and addresses of record holders of SBI common stock during the Class Period on the transfer agent's books. This information shall be provided in an electronic format acceptable to the Claims Administrator. People's United shall be responsible for any costs or expenses related to providing this information.

6.3    In accordance with the schedule set forth in the Notice Order, Lead Counsel will cause to be mailed by the Claims Administrator to all shareholders of record, identified on the Claims Administrator's list, the Notice, substantially in the form of Exhibit A-1 attached hereto, and a Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto. The Notice shall set forth the terms of the Stipulation, including the proposed Plan of Distribution and Lead Counsel's request for attorneys' fees, costs and expenses; the date and time of the Settlement Hearing; the right to object to the Settlement, proposed Plan of Distribution, or request for fees, costs and expenses; the right to appear at the Settlement Hearing; and the right to request exclusion from the Class. The Notice and Proof of Claim and Release shall also be posted on the Claims Administrator's website. In accordance with the schedule set forth in the Notice Order, the Summary Notice, substantially in the form of Exhibit A-3 attached hereto, will also be published once in the national edition of *Investor's Business Daily* and once over a national newswire service. The cost of providing such notice shall be paid out of the Settlement Fund.

- 17 -

6.4     The Settlement Fund shall be applied as follows:

(a)     to pay Plaintiffs' Counsel's attorneys' fees, costs and expenses, if and to the extent allowed by the Court (the "Fee and Expense Award");

(b)     to pay all Class Notice and Administration Costs;

(c)     to pay the Taxes and Tax Expenses described in ¶3.8 hereof; and

(d)     to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Distribution, or the Court.

6.5     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Distribution, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with ¶¶6.6-6.8 below.

6.6     Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, postmarked or submitted electronically by no later than ninety (90) calendar days after the Notice Date (as defined in Exhibit A attached hereto), or such other time as may be set by the Court (the "Bar Date"), signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release and as are reasonably available to such Person.

6.7     Except as otherwise ordered by the Court, all Class Members who fail to submit a Proof of Claim and Release by the Bar Date, or such other period as may be ordered by the Court, or who submit a Proof of Claim and Release that is rejected, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for

- 18 -

processing late-submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed. Plaintiffs' Counsel shall bear no liability for failure to accept any late-submitted claims.

6.8    The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Plan of Distribution. Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her, or its *pro rata* share of the Net Settlement Fund. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

6.9    Defendants shall not have a reversionary interest in the Net Settlement Fund. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, distribute on a *pro rata* basis such balance among Authorized Claimants who negotiated the checks sent to them in the initial distribution and who would otherwise receive a minimum of $10.00. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be donated to an appropriate non-profit organization designated by Lead Counsel.

6.10    The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Distribution, the determination, administration, or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection therewith.

6.11    Defendants shall take no position with respect to the Plan of Distribution or any other such plan as may be approved by the Court.

6.12    It is understood and agreed by the Parties that any proposed Plan of Distribution of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Distribution shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation.  Class Members and Defendants shall be bound by the terms of this Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Distribution.  The time to appeal from approval of the Settlement shall commence upon the Court's entry of the Judgment regardless of whether a Plan of Distribution has been approved.

6.13    No Person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Released Persons, Defendants' counsel, or the Claims Administrator based on distributions made substantially in accordance with the Settlement, the Stipulation, and the Plan of Distribution, or otherwise as further ordered by the Court.

**7.      Lead Counsel's Attorneys' Fees, Costs, Charges and Expenses**

7.1    Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund for (a) an award of attorneys' fees to be paid out of the Settlement Fund plus (b) costs, charges and expenses in connection with prosecuting the Action, plus interest on both amounts.  Any and all such fees, expenses, charges and costs awarded by the Court shall be payable solely out of the Settlement Fund.

7.2    The attorneys' fees, expenses, charges and costs, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately following the final

- 20 -

approval hearing and entry of an order by the Court awarding such fees and expenses. This provision shall apply notwithstanding timely objections to, potential for appeal from, or collateral attack on, the Settlement or the award of fees and expenses. Lead Counsel shall thereafter allocate the attorneys' fees amongst Plaintiffs' Counsel in a manner that Lead Counsel in good faith believe reflects the contributions of such counsel to the prosecution and settlement of the Action. Any such awards shall be paid solely by the Settlement Fund. In the event that the Judgment or the order awarding such fees and expenses paid to Lead Counsel pursuant to ¶7.1 is reversed or modified by a final non-appealable order, or if the Settlement is cancelled or terminated for any reason, then Lead Counsel shall, in an amount consistent with such reversal or modification, refund such fees or expenses to the Settlement Fund, plus interest earned thereon at the same rate as earned on the Settlement Fund, within twenty (20) business days from receiving notice from Defendants' counsel or from a court of competent jurisdiction. Any refunds required pursuant to this paragraph shall be the obligation of Plaintiffs' Counsel receiving fees or expenses to make appropriate refunds or repayments to the Settlement Fund. Each Plaintiffs' Counsel, as a condition of receiving such fees and/or expenses on behalf of itself and each partner and/or shareholder of it, agrees that its law firm and its partners and/or shareholders are subject to the jurisdiction by the Court for the purpose of enforcing the provisions of this paragraph.

7.3     The procedure for and the allowance or disallowance by the Court of the Fee and Expense Application, to be paid out of the Settlement Fund, are not part of the Settlement, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action.

7.4     Any fees and expenses awarded by the Court shall be paid solely from the Settlement Fund. Neither Defendants nor Defendants' insurers shall have any responsibility for any payment of attorneys' fees and expenses to Lead Counsel or any Class Member's counsel apart from payment of the Settlement Fund pursuant to ¶3.1.

7.5     Released Persons shall have no responsibility for the allocation among Plaintiffs' Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

**8.      Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

8.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     execution of this Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation in a form satisfactory to the Parties;

(b)     the Settlement Amount has been deposited into the Escrow Account;

(c)     Defendants have not exercised their option to terminate the Stipulation pursuant to ¶8.3 hereof;

(d)     the Court has entered the Notice Order, substantially in the form of Exhibit A hereto, as required by ¶4.1 hereof;

(e)     the Court has entered the Judgment that, *inter alia*, dismisses with prejudice the Action, as to Lead Plaintiffs and the Defendants, as set forth above; and

(f)     the Judgment has become Final, as defined in ¶1.9 hereof.

8.2     This is not a claims-made settlement. As of the Effective Date, Defendants, their insurance carriers, and/or any other such other persons or entities funding the Settlement on the Defendants' behalf, shall not have any right to the return of the Settlement Fund or any portion

- 22 -

thereof for any reason. Upon the occurrence of all of the events referenced in ¶8.1 hereof, any and all remaining interest or right of Defendants, if any, in or to the Settlement Fund shall be absolutely and forever extinguished. If all of the conditions specified in ¶8.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶8.4 hereof unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Settlement.

8.3     If, prior to the Settlement Hearing, Persons who otherwise would be members of the Class have timely requested exclusion from the Class in accordance with the provisions of the Notice Order and the Notice given pursuant thereto, and such Persons in the aggregate purchased a number of shares of SBI common stock during the Class Period in an amount greater than the sum specified in a separate Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement") executed between Lead Plaintiffs and Defendants, Defendants shall have the option (which option must be exercised unanimously) to terminate this Stipulation and Settlement in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement will not be filed with the Court unless and until a dispute between Lead Plaintiffs and Defendants concerning its interpretation or application arises. Copies of all requests for exclusion received, together with copies of all written revocations of requests for exclusion, shall be promptly delivered to Defendants' counsel by Lead Counsel. Defendants may terminate the Stipulation and Settlement by filing a written notice of termination with the Court and Lead Counsel on or before five (5) business days after the receipt of all of the copies of the requests for exclusion, on or before five (5) business days after the Court grants additional time for exclusion for any reason, or on or before three (3) business days before the Settlement Hearing, whichever occurs last. In the event that the Defendants file a written notice of termination, Defendants may withdraw their written notice of termination by providing written notice of such withdrawal to Lead Counsel and to the

Court by no later than 5:00 PM Eastern Time on the day prior to the Settlement Hearing, or by such later date as shall be agreed upon in writing as between Lead Counsel and Defendants' counsel.

8.4      In the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less Class Notice and Administration Costs, Taxes, and Tax Expenses that have either been incurred or disbursed pursuant to ¶¶3.6 or 3.8 hereof, shall be refunded pursuant to written instructions from Defendants' counsel. At the request of counsel for Defendants, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any expenses incurred in connection with such application(s) for refund, at the written direction of Defendants' counsel.

8.5      In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Parties shall not forfeit or waive any factual or legal defense or contention in the Action and shall be restored to their respective positions in the Action as of November 5, 2014. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.25, 3.6-3.9, 7.2, 8.4-8.5, and 9.2-9.5 hereof, shall have no further force and effect with respect to the Parties and shall not be used in this Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Parties shall be deemed to return to their status as of November 5, 2014, and shall be required to present an amended schedule to the Court. No order of the Court or modification or reversal on appeal of any such order of the Court concerning the Plan of Distribution or the amount of any

attorneys' fees, costs, and expenses, and interest awarded by the Court to Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

8.6     Lead Plaintiffs shall have the right, but not the obligation, to terminate the Settlement fifteen (15) calendar days after the failure of Defendants to timely pay the Settlement Amount.

**9.     Miscellaneous Provisions**

9.1     The Parties (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously.

9.2     The Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action. The Settlement and all negotiations, discussions, and proceedings leading up to and in connection herewith shall not be deemed to constitute a presumption, concession, or an admission by any Party or any of the Released Persons of any fault, liability, or wrongdoing by it, or as to the merits of any claim or defense. The Parties and their counsel agree that they shall not assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense or settlement of the Action, and the Judgment shall contain a finding that all Parties and their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution, defense, and resolution of the Action. The Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith at arm's length by the Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Action, including that the Action was brought or defended in bad faith or without a reasonable basis.

9.3     Neither the Stipulation nor the Settlement contained herein, nor any negotiations, discussions, proceedings or act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement may be offered or received in evidence, or otherwise used by any Person in the Action, or in any other action or proceedings, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with any proceeding to enforce the terms of this Stipulation.  The Released Persons, Lead Plaintiffs, Class Members and Plaintiffs' Counsel may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.4     All agreements made and orders entered during the course of the Action relating to the confidentiality of documents and information shall survive this Stipulation.

9.5     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.6     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

9.7     No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all Parties or their respective successors-in-interest.  No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be construed as a waiver of the same or any other term or provision or of any previous or subsequent breach thereof.

9.8     The Stipulation and the Exhibits attached hereto (together with the Supplemental Agreement referred to in ¶8.3) constitute the entire agreement among the Parties and no

986168_2

representations, warranties, or inducements have been made to any Party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, each Party shall bear its own costs.

9.9 This Settlement Agreement shall be construed and interpreted to effectuate the intent of the Parties, which is to resolve completely those claims and disputes, including in the Action, and as more fully described herein. If any provision of this Settlement Agreement shall be determined to be invalid, void, or illegal, such provision shall be construed and amended in a manner that would permit its enforcement, but in no event shall such provision affect, impair, or invalidate any other provision hereof.

9.10 Neither the Class Members nor Defendants shall be bound by the Stipulation if the Court modifies material terms thereof, provided, however, that it shall not be a basis for Class Members to terminate the Settlement if the Court modifies any proposed Plan of Distribution or criteria for allocation of the Net Settlement Fund amongst Class Members, or the Plan of Distribution is modified on appeal. Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses or the distribution of the Net Settlement Fund. Notwithstanding any such modification of the terms or Plan of Distribution or the Stipulation with respect to attorneys' fees or expenses, Defendants and Defendants' insurers shall be entitled to all benefits of the Settlement and shall not, under any circumstances, be called upon to contribute additional funds to the Settlement Fund.

9.11 Lead Counsel, on behalf of the Class, are expressly authorized by Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

9.12    Lead Plaintiffs and Lead Counsel represent and warrant that none of the Lead Plaintiffs' claims or causes of action referred to in this Action or this Stipulation has been assigned, encumbered, or in any manner transferred in whole or in part.

9.13    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Party hereby warrants that such Person has the full authority to do so.

9.14    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (i) when delivered personally to the recipient, (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid), or (iii) five (5) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

*If to Lead Plaintiffs or to Lead Counsel:*

Ellen Gusikoff Stewart
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

*If to Defendants or to Defendants' counsel:*

Bruce G. Vanyo
William M. Regan
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, NY 10022-2585

9.15    The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court. Signatures sent by facsimile or PDF attached to an e-mail shall be deemed originals.

986168_2

9.16   The Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Parties hereto.

9.17   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

9.18   Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Action shall be stayed and all members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

9.19   This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York, without giving effect to that State's choice-of-law principles.

986168_2

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated January 9, 2015.

ROBBINS GELLER RUDMAN
& DOWD LLP
SAMUEL H. RUDMAN
EVAN J. KAUFMAN
JUSTIN SOLOMON NEMATZADEH

_(signature)_

_____
EVAN J. KAUFMAN

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
ekaufman@rgrdlaw.com
jnematzadeh@rgrdlaw.com

ROBBINS GELLER RUDMAN
& DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com

Lead Counsel for Plaintiffs

VANOVERBEKE MICHAUD & TIMMONY,
P.C.
MICHAEL J. VANOVERBEKE
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)

Additional Counsel for Plaintiffs

- 30 -

KATTEN MUCHIN ROSENMAN LLP
BRUCE G. VANYO
WILLIAM M. REGAN

_____
WILLIAM M. REGAN

575 Madison Avenue
New York, NY 10022-2585
Telephone: 212/940-8800
212/940-8776 (fax)
bruce@kattenlaw.com
william.regan@kattenlaw.com

Attorneys for Defendants

986168_2

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 12, 2015, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 12, 2015.

s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: elleng@rgrdlaw.com

# Mailing Information for a Case 1:10-cv-00864-SLT-RER Waterford Township Police & Fire Retirement System v. Smithtown Bancorp, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mario Alba , Jr**
  malba@rgrdlaw.com,e_file_ny@rgrdlaw.com,drosenfeld@rgrdlaw.com

- **Ellen Gusikoff Stewart**
  elleng@rgrdlaw.com,jstark@rgrdlaw.com

- **Evan Jay Kaufman**
  ekaufman@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **Justin Solomon Nematzadeh**
  jnematzadeh@rgrdlaw.com,e_file_ny@rgrdlaw.com,justin.nematzadeh@gmail.com

- **William M. Regan**
  william.regan@kattenlaw.com

- **David A. Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Samuel H. Rudman**
  srudman@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)