UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
WATERFORD TOWNSHIP POLICE & FIRE
 RETIREMENT SYSTEM, *individually and
on behalf of all others similarly situated, et al.*,

         Plaintiffs,

  -against-

SMITHTOWN BANCORP, INC., *et al.*,

         Defendants.
-----------------------------------------------------------------x

**MEMORANDUM & ORDER**

10-CV-864 (SLT)(RER)

**TOWNES, United States District Judge:**

  Waterford Township Police & Fire Retirement System and Michael L. Cox (collectively, "Plaintiffs") filed this putative class action against Smithtown Bancorp, Inc. ("Smithtown"), People's United Financial, Inc., People's United Bank, Bradley E. Rock, and Anita M. Florek (collectively, "Defendants") alleging violations of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a), and the rules promulgated thereunder by the Securities and Exchange Commission, 17 C.F.R. § 240.10b-5. (*See* Am. Compl., ECF No. 40.) Plaintiffs, purchasers of Smithtown common stock, allege that Smithtown engaged in unsafe banking practices that artificially inflated prices before adverse disclosures diminished the stock's value. Plaintiffs seek compensatory damages, attorneys' fees, and costs on behalf of themselves and the putative class.

  On January 12, 2015, Plaintiffs submitted an Unopposed Motion for Preliminary Approval of Settlement. (ECF No. 79.) This Court referred this motion to Magistrate Judge Ramon E. Reyes, Jr. for a report and recommendation. (ECF No. 81.) On April 17, 2015, Judge Reyes issued a report and recommendation ("R&R") recommending that this Court: (1) certify the class for settlement purposes; (2) appoint Robbins Geller Rudman & David, LLP as

-1-

Settlement Class Counsel; (3) preliminarily approve the Settlement; (4) approve the Proposed Notice, as amended, as well as the Proof of Claim and Release and Summary Notice; (5) direct the Amended Proposed Notice be distributed in the manner set forth in the R&R and within the "[Proposed] Order Preliminarily Approving Settlement and Providing for Notice"; and (6) schedule a hearing for final approval of the Settlement.

The parties filed a letter with the Court on April 21, 2015, stating that neither party objects to any aspect of the R&R. (ECF No. 84.) This letter also attaches a redlined version of the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing that includes the language recommended by Judge Reyes and notes that Defendant People's United Bank has changed its name to People's United Bank, National Association. (*Id.*)

A district court need not review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472, 88 L. Ed. 2d 435 (1985). Even when no objections are filed, however, many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 05 Civ. 339 (NGG)(AKT), 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007). Although not required to do so, this Court has reviewed Judge Reyes's R&R for clear error on the face of the record. The Court finds no clear error and therefore adopts the R&R in its entirety as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1).

## CONCLUSION

For the reasons stated above, Judge Reyes's Report and Recommendation dated April 17, 2015, is adopted in its entirety and the Court will enter the Order Preliminarily Approving Settlement and Providing for Notice, upon the parties' submission of a revised proposed order and exhibits.

Accordingly, the Court directs the parties to submit a revised (but not redlined) order attaching the exhibits incorporating the language recommended by Judge Reyes and noting People's United Bank's name change. The documents should also be revised to reflect that the Settlement Hearing will be held before Judge Reyes. The parties should contact Judge Reyes's chambers regarding scheduling. A referral order shall follow separately.

**SO ORDERED.**

                                          /s/ Sandra L. Townes
                                       SANDRA L. TOWNES
                                       United States District Judge

Dated: June 3, 2015
       Brooklyn, New York