UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————— x
WATERFORD TOWNSHIP POLICE & FIRE : Civil Action No. 1:10-cv-00864-SLT-RER
RETIREMENT SYSTEM, Individually and On : **(Consolidated)**
Behalf Of All Others Similarly Situated, :
: <u>CLASS ACTION</u>
Plaintiff, :
: | FINAL JUDGMENT AND
vs. : ORDER OF DISMISSAL WITH PREJUDICE
:
SMITHTOWN BANCORP, INC., et al., :
:
Defendants. :
———————————————— x

1073920_1

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order"), on the application of the Parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated January 9, 2015 (the "Settlement Agreement"). Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Judgment and Order of Dismissal with Prejudice ("Judgment") incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby affirms its determinations in the Notice Order and finally certifies for purposes of settlement only, a Class defined as all Persons who purchased Smithtown Bancorp, Inc. ("SBI" or the "Company") common stock during the period from March 13, 2008, through and including February 1, 2010 ("Class Period"). Excluded from the Class are the Defendants, the officers and directors of SBI and People's United during the Class Period, members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has or had a controlling interest. Also excluded from the Class are those Persons who timely and validly exclude themselves therefrom, of which there are none.

4. For purposes of settlement only, the Court hereby affirms its determinations in the Notice Order and finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the

Federal Rules of Civil Procedure have been satisfied in that: (a) the members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

5. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Settlement Agreement and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement Agreement and Settlement are fair, reasonable, and adequate as to each of the Parties, and that the Settlement Agreement and Settlement are hereby finally approved in all respects, and the Parties are hereby directed to perform its terms.

7. Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Settlement Agreement, as well as the terms and provisions hereof. The Court hereby dismisses, as to the Defendants, the Action and all Released Claims of the Class with prejudice, without costs as to any of the Released Persons, except as and to the extent provided in the Settlement Agreement and herein.

8. Upon the Effective Date hereof, and as provided in the Settlement Agreement, Lead Plaintiffs and each of the Class Members and their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, in their capacity as such, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, and discharged any and all Released Claims (including, without limitation, Unknown Claims) against the Released Persons (whether or not such Class Member executes and delivers the Proof of Claim and Release), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims against the Released Persons, Lead Plaintiffs and/or Plaintiffs' Counsel, except for claims relating to the enforcement of the Settlement.

9. Upon the Effective Date hereof, and as provided in the Settlement Agreement, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, each and all of the Class Members and their respective counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims, except for claims relating to the enforcement of the Settlement.

10. Upon the Effective Date hereof, Lead Plaintiffs and each of the Class Members shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against any Released Person, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims against the Released Persons,

Lead Plaintiffs and/or Plaintiffs' Counsel, except for claims relating to the enforcement of the Settlement, whether or not such Class Member executes and delivers the Proof of Claim and Release.

11. The Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing given to the Class in accordance with the Notice Order was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and the requirement of Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and all other applicable law and rules.

12. Separate orders shall be entered regarding the proposed Plan of Distribution and Lead Counsel's motion for attorneys' fees and payment of costs and expenses as allowed by the Court. Any plan of distribution submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

13. Neither the Settlement Agreement nor any of its terms or provisions, nor any of the negotiations, discussions, proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the allegations in the Action or of the validity of any Released Claim, or of any wrongdoing or liability

of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, arbitration proceeding, administrative agency, or forum or tribunal in which the Released Persons are or become parties; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons, Lead Plaintiffs, Class Members, and their respective counsel, may file the Settlement Agreement and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Parties may file the Settlement Agreement and/or this Judgment in any proceedings that may be necessary to consummate or enforce the Settlement Agreement, the Settlement, or the Judgment.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, costs and expenses in the Action; and (d) all Parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement.

15. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

17. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

18. The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: 9/28/15

_____
THE HONORABLE RAMON E. REYES, JR.
UNITED STATES MAGISTRATE JUDGE

-6-

1073920_1